NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GLOBAL EQUITY MANAGEMENT (SA) PTY. LTD.,**
*Appellant*

**v.**

**EBAY INC., ALIBABA.COM HONG KONG LTD., BOOKING.COM B.V.,**
*Appellees*

---

2019-1303, 2019-1304

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2016-01828, IPR2016-01829.

---

SEALED OPINION ISSUED: December 23, 2019
PUBLIC OPINION ISSUED: January 14, 2020*

---

MARK A. CANTOR, Brooks Kushman PC, Southfield, MI, argued for appellant. Also represented by THOMAS A. LEWRY.

---

\* This opinion was originally filed under seal and has been unsealed in its entirety.

BENJAMIN EDWARD WEED, K&L Gates LLP, Chicago, IL, argued for all appellees. Appellee Ebay Inc. also represented by GINA A. JENERO.

CAREY RICHARD RAMOS, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY, argued for all appellees. Appellee Alibaba.com Hong Kong Ltd. also represented by BRETT NELSON WATKINS, Houston, TX; JEFFREY GERCHICK, Washington, DC.

TODD M. SIEGEL, Klarquist Sparkman, LLP, Portland, OR, for appellee Booking.com B.V. Also represented by ANDREW M. MASON.

_____

Before WALLACH, CLEVENGER, and STOLL, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Appellees eBay Inc., Alibaba.com Hong Kong Ltd., and Booking.com B.V. ("Booking") (collectively, "Petitioners") sought inter partes review ("IPR") of claims 1, 2, 16, and 28 of U.S. Patent No. 6,690,400 ("the '400 patent") and claims 1–7 of U.S. Patent No. 7,356,677 ("the '677 patent") (together, "the Challenged Patents"), both owned by Appellant Global Equity Management (SA) Pty. Ltd. ("GEMSA"). GEMSA moved to terminate the IPR proceedings pursuant to 35 U.S.C. § 315(a)(1) (2012) and 37 C.F.R. § 42.8(b)(1) (2018). J.A. 2357–75 (Motion to Terminate IPR2016–01828), 6662–80 (Motion to Terminate IPR2016-01829). In a single decision, the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") denied GEMSA's motions to terminate. *See eBay Inc. v. Glob. Equity Mgmt. (SA) Pty. Ltd. (eBay I)*, Nos. IPR2016–01828, IPR2016–01829, 2018 WL 485988, at \*3 (P.T.A.B. Jan. 18, 2018) (Decision) (J.A. 3487–93, 7801–07). The PTAB subsequently found claims 1 and 2 of the '400 patent and claims 1, 2, 6, and 7 of the '677 patent unpatentable. *See eBay Inc. v. Glob. Equity Mgmt. (SA) Pty. Ltd. (eBay II)*, No. IPR2016–

01828, 2018 WL 1881463, at *12 (P.T.A.B. Apr. 18, 2018) (Final Written Decision) (J.A. 1–31); *eBay Inc. v. Glob. Equity Mgmt. (SA) Pty. Ltd.* (*eBay III*), No. IPR2016–01829, 2018 WL 1898071, at *21 (P.T.A.B. Apr. 19, 2018) (Final Written Decision) (J.A. 32–78).

GEMSA appeals.[1] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A) (2012). We affirm.

BACKGROUND

Between 2015 and 2016, GEMSA filed nearly forty patent infringement lawsuits in the U.S. District Court for the Eastern District of Texas ("Eastern District of Texas"), alleging infringement of the Challenged Patents. J.A. 330–33. The majority of GEMSA's lawsuits were filed against customers of Amazon Web Services, Inc. and VADATA, Inc., both wholly-owned subsidiaries of Amazon.com, Inc.,[2] alleging infringement based on the use of Amazon's technology. J.A. 2379–83.[3] GEMSA's remaining lawsuits were filed against entities—including the Petitioners—that were not Amazon customers. J.A. 2713 (GEMSA admitting that the Petitioners were "not using" the Amazon technology), 7018 (same).

---

[1] On appeal, GEMSA does not challenge the PTAB's patentability determinations; rather, GEMSA challenges only the PTAB's Decision denying GEMSA's Motions to Terminate. *See generally* Appellant's Br.

[2] Consistent with the parties' briefs, we will refer to Amazon.com, Inc., Amazon Web Services, Inc., and VADATA, Inc. individually and collectively as "Amazon." *See, e.g.*, Appellant's Br. 7 n.3, Appellee's Br. 4 n.3.

[3] The Amazon technology-at-issue included "cloud-based products and services" ("the Amazon technology") that were developed, provided, and serviced by Amazon. J.A. 2378.

In July 2016, Amazon filed a complaint for declaratory judgment in the U.S. District Court for the Eastern District of Virginia ("Eastern District of Virginia"), J.A. 2376–95 (Complaint for Declaratory Judgment), "to relieve their customers of the unnecessary burden of litigating GEMSA's cases targeting [the] Amazon technology, and to once and for all remove the cloud of uncertainty that has been cast over that technology," J.A. 2385. Amazon alleged that GEMSA had "strategically chosen to sue [Amazon's] customers rather than [Amazon itself] to avoid testing its claims against the suppliers of the accused technology, who have the greatest interest in and ability to defend against [GEMSA's] claims, in the hopes of extracting cost of litigation settlements from scores of customers." J.A. 2384. Later that month, GEMSA "amended the complaints in [twenty] of its [thirty-five] . . . lawsuits" in the Eastern District of Texas to "add" Amazon "as [a] defendant[]." J.A. 2412.

In August 2016, Amazon filed a motion in the Eastern District of Texas to dismiss or transfer GEMSA's lawsuits "against customers" of Amazon, J.A. 2411; *see* J.A. 2407–33 (Motion to Dismiss or Transfer), arguing that, because "Amazon is the real party-in-interest" (or "RPI") "with respect to GEMSA's infringement allegations, . . . venue is proper in the first-filed forum, the Eastern District of Virginia," J.A. 2425. Thus, Amazon argued, the Eastern District of Texas should "dismiss GEMSA's claims against Amazon . . . or, in the alternative, transfer those claims to the Eastern District of Virginia." J.A. 2427. In September 2016, Booking likewise moved to stay GEMSA's claims of infringement in the Eastern District of Texas "pending resolution" of Amazon's declaratory judgment action, J.A. 2464, arguing that "Amazon, as the developer, owner, and supplier of the accused technology, is the real party-in-interest with respect to GEMSA's [Amazon]-related infringement allegations," J.A. 2469; *see* J.A. 2464–74

(Motion to Stay). [4] In January 2017, the Eastern District of Texas stayed GEMSA's lawsuits in that district "pending resolution of the Eastern District of Virginia declaratory judgment action." J.A. 2511–12.

In September 2016, the Petitioners sought IPR of the Challenged Patents. J.A. 320–407 (Petition for IPR of the '400 patent), 3754–835 (Petition for IPR of the '677 patent). The Petitioners identified seventeen RPIs pursuant to 37 C.F.R. § 42.8, including Amazon customers Expedia, Inc. ("Expedia") and TripAdvisor LLC ("TripAdvisor"), J.A. 328–29, 3765–66, both of which had been sued by GEMSA in the Eastern District of Texas, J.A. 332–33, 3768–69. The Petitioners did not identify Amazon as an RPI. *See* J.A. 328–29, 3765–66. In April 2017, the PTAB instituted two IPR proceedings (together, "the IPR proceedings"), a first on claims 1 and 2 of the '400 patent, and a second on claims 1, 2, 6, and 7 of the '677 patent. J.A. 1675, 6088. In September 2017, GEMSA moved to terminate the IPR proceedings, arguing that: (1) Amazon's Complaint for Declaratory Judgment "bars" the IPR proceedings "under 35 U.S.C. § 315(a)(1)[,]" because Expedia and TripAdvisor are RPIs to Amazon's declaratory judgment action, J.A. 2367, 6672;[5] and (2) the Petitioners violated 37 C.F.R.

---

[4]    While GEMSA initially sued Booking in the Eastern District of Texas based on Booking's alleged use of the Amazon technology, *see* J.A. 2465, GEMSA later admitted that Booking was "not using" that technology, J.A. 2713, 7018.

[5]    Section 315(a)(1) of Title 35 of the U.S. Code provides that "[a]n [IPR] may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent."

§ 42.8(b)(1) by "failing to identify" Amazon as an RPI, J.A. 2373, 6678.[6]

In January 2018, the PTAB issued its Decision denying GEMSA's Motions to Terminate. *See eBay I*, 2018 WL 485988, at *3. The PTAB explained that "[f]or [GEMSA] to prevail, . . . a 'petitioner or real party in interest' in the[] IPR proceedings must have previously 'filed a civil action challenging the validity of a claim of the patent.'" *Id.* at *2 (quoting 35 U.S.C. § 315(a)(1)). However, as the PTAB explained, GEMSA argued only that Expedia and TripAdvisor "are real parties in interest *in the Virginia action*," *id.*, but did not explain how their status as RPIs to the "Virginia action triggers a statutory bar to institution of these IPR proceedings given the unambiguous language of 35 U.S.C. § 315(a)(1), which bars institution only if a petitioner or RPI in these proceedings also previously *filed* a civil action challenging the validity of a claim of the patent at issue," *id.* at *3. In April 2018, the PTAB issued its Final Written Decisions finding claims 1 and 2 of the '400 patent and claims 1, 2, 6, and 7 of the '677 patent unpatentable. *See eBay II*, 2018 WL 1881463, at *12; *eBay III*, 2018 WL 1898071, at *21.

DISCUSSION

I. Standard of Review and Legal Standard

"An [IPR] may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent." 35 U.S.C. § 315(a)(1).

---

[6] Section 42.8(b)(1) of Title 37 of the Code of Federal Regulations provides, in relevant part, that a "notice[]" "[i]dentify[ing] each real party-in-interest for the [petitioner]" "must be filed" with the PTAB. *See* 37 C.F.R. § 42.2 (defining "party" as "at least the petitioner and the patent owner").

The RPI inquiry at common law, which defines the meaning of the term in § 315(a)(1), "seeks to ascertain who, from a practical and equitable standpoint, will benefit from the redress that the chosen tribunal might provide." *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1349 (Fed. Cir. 2018) (internal quotation marks and citation omitted). "There is no 'bright line test.' Considerations may include, for example, whether a non-party exercises [or could exercise] control over a petitioner's participation in a proceeding, or whether a non-party is funding the proceeding or directing the proceeding." *Id.* at 1342–43 (quoting Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,759 (Aug. 14, 2012)); *see* Office Patent Trial Practice Guide, 77 Fed. Reg. at 48,759 ("A common consideration is whether the non-party exercised or could have exercised control over a party's participation in a proceeding."). A "petitioner's initial identification of the real parties in interest should be accepted unless and until disputed by a patent owner." *Worlds Inc. v. Bungie, Inc.*, 903 F.3d 1237, 1243 (Fed. Cir. 2018). To dispute it, the patent owner "must produce *some* evidence that tends to show that a particular third party should be named a real party in interest." *Id.* at 1244. Whether a third party is an RPI is a question of fact we review for substantial evidence. *See Applications in Internet Time*, 897 F.3d at 1356.

## II. The Record Is Insufficient to Establish that Amazon Is an RPI to the IPR Proceedings

On appeal, GEMSA argues—for the first time—that the IPR proceedings should be terminated pursuant to 35 U.S.C. § 315(a)(1) because Amazon, which GEMSA contends is an RPI to the IPR proceedings, filed its Complaint for Declaratory Judgment before the IPR petitions were filed. *See generally* Appellant's Br. 22–37. While GEMSA asserted in its Motions to Terminate before the PTAB that Amazon is an RPI to the IPR proceedings, *see* J.A. 2373, 6678, when asked where in the record GEMSA made the argument it now raises on appeal, viz., that "Amazon is a

real party-in-interest to the IPR[ proceedings] *and there-fore* [§] 315(a) applies," Oral Arg. at 7:34–7:46, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2019-1303.mp3 (emphasis added), GEMSA failed to provide a record cite and responded only that it would "not . . . tell [the court] that the [motions] w[ere] as good as [they] could be," *id.* at 8:18–8:23; *see id.* at 7:34–9:54. Indeed, before the PTAB, GEMSA's termination argument focused on a different theory altogether: viz., that Expedia and TripAdvisor, which are RPIs to the IPR proceedings, were also RPIs to Amazon's declaratory judgment action, thereby barring the IPR proceedings under § 315(a)(1). *See* J.A. 2367–71, 6672–76. Not surprisingly then, the PTAB never addressed the argument GEMSA now raises on appeal. *See generally eBay I*, 2018 WL 485988. "It is the general rule, . . . that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). "Appellate courts are, however, given the discretion to decide when to deviate from this general rule[.]" *Interactive Gift Exp., Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1344 (Fed. Cir. 2001) (citing *Singleton*, 428 U.S. at 121).

GEMSA did not meet its initial burden before the PTAB to "produce some evidence that tends to show that [Amazon] should be named a real party in interest" to the IPR proceedings. *Worlds*, 903 F.3d at 1244 (emphasis omitted). Indeed, GEMSA's mere assertion before the PTAB that Amazon is an RPI to the IPR proceedings, *see* J.A. 2373, 6678, is insufficient to properly preserve that argument, let alone the argument GEMSA now raises on appeal, *see Game & Tech. Co. v. Wargaming Grp. Ltd.*, 942 F.3d 1343, 1349 (Fed. Cir. 2019) ("Mere assertions . . . without explanation or legal argument are usually insufficient [to avoid waiver]."); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) (holding that when a party provides no developed argument on a point, we treat that argument as waived).

Accordingly, we view GEMSA's argument on appeal as waived.

Even if not waived, however, we are not persuaded by GEMSA's argument. In fact, as it had before the PTAB, *see* J.A. 2652–53, GEMSA admitted during oral argument that "as a fact, there are no facts" in the record "that Amazon actually wrote the IPR [petitions] or controlled the IPR [proceedings]," Oral Arg. at 5:09–5:19; *see id.* at 4:27–4:50 (GEMSA admitting that it "do[es]n't believe there is anything in the record below that Amazon drafted the IPR [petitions] or controlled the IPR [proceedings]"), 6:53–6:59 (GEMSA agreeing that it is "undisputed that [Amazon] had no control over the IPR [proceedings]"), 11:41–12:05 (GEMSA agreeing that it "can't point to a single item of . . . Amazon's behavior vis-à-vis . . . the IPR proceeding[s]"). Indeed, GEMSA acknowledged that Amazon's "only . . . potential[]" relationship to the Petitioners is based on Booking's representation to the Eastern District of Texas, Oral Arg. at 12:52–13:09, that Amazon "is the real party-in-interest with respect to GEMSA's [Amazon]-related infringement allegations" in that district, J.A. 2469. However, Booking's representation in that separate proceeding, as with Amazon's earlier admission that it "[wa]s the real party-in-interest with respect to GEMSA's infringement allegations," J.A. 2425, was premised on facts neither present in nor relevant to the IPR proceedings, viz., that Amazon "supplie[d] . . . the accused technology" and had "the greatest interest in and ability to defend against GEMSA's claims," J.A. 2411.

GEMSA's reliance on Amazon's relationship with Expedia, a named RPI, fares no better. GEMSA argues, for example, that Amazon "stood in the shoes of Expedia" vis-à-vis the IPR proceedings pursuant to an indemnification agreement with Expedia. Oral Arg. at 6:06–6:27. GEMSA's argument is, however, belied by the very evidence GEMSA relies on for support, *see id.* (GEMSA referencing a declaration of an Expedia attorney), which

explains that although Amazon's counsel "assumed responsibility for defending Expedia . . . against GEMSA's [infringement] allegations" in the Eastern District of Texas, J.A. 2515, Amazon "did not control, fund, or direct any activities of Expedia . . . with regard to the IPR petitions," J.A. 2516; *see* J.A. 2516 ("At no point was [Amazon] or any other Amazon entity involved in any way in Expedia['s] financial contribution to the IPRs."). In fact, the plain language of Amazon's indemnification agreement with Expedia does not permit Amazon to control or otherwise participate in the IPR proceedings, as those proceedings were not—and, as a matter of law, could not be—within the scope of that agreement. *Compare* J.A. 2576 (providing that Amazon may "assume control of or otherwise participate in the defense" of "third-party alleg[ations]" that Amazon technology "infringe[s] that party's intellectual property rights"), *with* 35 U.S.C. § 311(b) (delimiting the scope of IPR proceedings, and not including claims of patent infringement). GEMSA's remaining arguments are likewise unsupported by the record. Accordingly, GEMSA did not meet its burden to "produce some evidence that tends to show that [Amazon] should be named a real party in interest." *Worlds*, 903 F.3d at 1244 (emphasis omitted).

CONCLUSION

We have considered GEMSA's remaining arguments and find them unpersuasive. Accordingly, the Decision of the U.S. Patent and Trademark Office's Patent Trial and Appeal Board denying GEMSA's Motions to Terminate, is

**AFFIRMED**